

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JUL 03 2008
Jul 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HELEN R. HICKS )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
       v. )
U.S. POSTAL SERVICE )
POSTMASTER GENERAL )
JOHN E. POTTER )
(Name of the defendant or defendants) )

08CV3829
JUDGE GUZMAN
MAG. JUDGE DENLOW

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is __HELEN R. HICKS__ of the county of __COOK__ in the state of __ILLINOIS__.
3. The defendant is _____, whose street address is __475 L'ENFANT PLAZA - SW__,
   (city) __WASHINGTON__ (county) _____ (state) _____ (ZIP) __20260-4100__
   (Defendant's telephone number) (___) - _____
4. The plaintiff sought employment or was employed by the defendant at (street address)
   __6801 W. 73RD ST__ (city) __BEDFORD PARK__
   (county) __COOK__ (state) __IL__ (ZIP code) __60499__

5. The plaintiff [check one box]
   (a) ☐ was denied employment by the defendant.
   (b) ☒ was hired and is still employed by the defendant.
   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)_____, (day)_____, (year)_____.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*
    (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has not / ☐ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES.   ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    ☐ Yes (month)_____ (day)_____ (year)_____
    ☒ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month) _OCTOBER_ (day) _19_ (year) _2005_.

c. Attached is a copy of the

    a. Complaint of Employment Discrimination,
    ☒ YES   ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision
    ☒ YES   ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

   (b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue,* which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.
    (b) ☐ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.

 (d) ☐ failed to reasonably accommodate the plaintiff's religion.
 (e) ☒ failed to reasonably accommodate the plaintiff's disabilities.
 (f) ☒  failed to stop harassment;
 (g) ☒  retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
 (h) ☐ other (specify): _____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    *As included in case file.*

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

 (a) ☐ Direct the defendant to hire the plaintiff.
 (b) ☐ Direct the defendant to re-employ the plaintiff.
 (c) ☐ Direct the defendant to promote the plaintiff.
 (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.
 (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

(g) ☐ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) *Helen R. Hicks*

(Plaintiff's name) HELEN R. Hicks

(Plaintiff's street address) 11243 S. Vincennes Ave.

(City) CHICAGO    (State) IL    (ZIP) 60643

(Plaintiff's telephone number) (773) - 298 - 1423

Date: July 03, 2008

## LOCAL RULES 5.2 — 5.4

**LR5.2.    Form of Papers Filed**

(a)    PAPER AND FONT SIZE. Each document filed shall be flat and unfolded on opaque, unglazed, white paper approximately 8 ½ x 11 inches in size. It shall be plainly written, or typed, or printed, or prepared by means of a duplicating process, without erasures or interlineations which materially deface it. It shall be bound or secured on the top edge of the document. Where the document is typed, line spacing will be at least 1½ lines. Where it is typed or printed, (1)    the size of the type in the body of the text shall be 12 points and that in footnotes, no less than 11 points, and (2)    the margins, left-hand, right-hand, top, and bottom, shall each be 1 inch.